961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judith GRAHAM, Plaintiff-Appellant,
v.
CITY OF LAKEWOOD; Lakewood Police Department; City of
Cleveland; Cleveland Police Department; John T.
Patton; James Patton, Defendants-Appellees.
 No. 91-3586.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before KEITH, Circuit Judge, LIVELY, and TIMBERS, Senior Circuit Judges.*
 PER CURIAM:
 
 
 1
 Judith Graham ("Graham"), a pro se appellant, appeals the jury verdict entered in favor of the City of Cleveland Police Department ("Cleveland Police Department") and the City of Lakewood Police Department ("Lakewood Police Department") in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] For the reasons stated below, we AFFIRM.
 
 
 2
 The relevant facts for disposition of this appeal are as follows: On October 10th, 1984, the residence of the Honorable John T. Patton ("Judge Patton") was burglarized. The stolen property included women's jewelry, silverware, a silver tea service and pewterware. James Patton, Judge Patton's cousin and next door neighbor, reported to the investigating officers that he had seen a suspicious automobile in front of Judge Patton's residence during the period that the robbery occurred. Based on the car's description and other information, police officers from the Cleveland Police Department and the Lakewood Police Department descended on the residence of Judith Graham.
 
 
 3
 Upon arrival, Officers Timothy Malley and Robert Corbone of the Lakewood Police Department entered Graham's apartment allegedly to search for possible suspects to the robbery. The officers contended that Graham consented to the search. Graham, however, asserted that she did not consent to the search, and the subsequent search conducted by the officers was illegal.
 
 
 4
 Subsequently, a search warrant was obtained. Detective Herbert Schuerger, accompanied by officers Robert Villwock, and Robert Taskey of the Cleveland Police Department, and Lakewood Police Officer Douglass Sabala attempted to execute the search warrant at Graham's residence. Upon being denied admittance, the officers broke through the apartment door. According to the officers, the door was broken only after they announced their presence and purpose and was specifically denied entry. Plaintiff, however, argued that although she and others inside the house heard mumbling in the hall, the officers never stated that admittance was being requested to execute a search warrant.
 
 
 5
 While in the apartment, the officers and the residents engaged in a minor altercation. According to Graham, one of the officers pushed her, causing her to fall to the floor. One of the officers then helped her to her feet. Based on these events, Judith Graham and five others brought a civil rights action under 42 U.S.C. § 1983.[2] On June 17, 1991, the jury returned a verdict for defendants. This timely appealed followed.
 
 
 6
 We are not exactly sure what Graham's first assignment of error alleges. Graham only states that "the jury was not given all the facts pertaining to the case," and requests that this Court grant a new trial so that a jury may hear all the relevant facts. Construing this first assignment of error liberally, we believe that plaintiff attempts to argue that she was denied effective assistance of counsel. In order to establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Plaintiff's allegations are conclusory; she does not point to any facts which counsel failed to elicit at trial, and which, as a result, allegedly prejudiced her case. After reviewing the trial transcript, we conclude that plaintiff was not denied effective assistance of counsel.
 
 
 7
 Plaintiff's second assignment of error alleges that the district court erred in granting the City of Cleveland and the City of Lakewood summary judgment. This Court reviews a grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 
 8
 In Molton v. City of Cleveland, 839 F.2d 240 (6th Cir.1988), cert. denied, 480 U.S. 1068 (1989), this Court held that in order for a municipality to be required to respond in damages under 42 U.S.C. § 1983, a plaintiff must establish that the alleged wrongful conduct resulted from a policy or custom of the municipality. Because the record before the Court does not reveal any evidence to suggest that the conduct alleged to have occurred was performed pursuant to a policy or custom of either municipality, both the City of Cleveland and the City of Lakewood were entitled to summary judgment in their favor for claims asserted pursuant to 42 U.S.C. § 1983.
 
 
 9
 Accordingly, we AFFIRM the jury verdict and judgment entered by the Honorable Thomas D. Lambros, United States District Court Judge for the Northern District of Ohio.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 John T. Patton and James Patton are named as parties to this appeal. Plaintiff, however, does not allege any specific errors as to the district court's disposition of this ease with regard to these parties in prior proceedings
 
 
 [2]
 Bradley Graham, Pamela Graham, Charles Graham, Brandy Graham and Elizabeth Graham were plaintiffs in the proceedings before the district court. However, they are not parties to this appeal